# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHARON HOLMES,                )
                              )
        Plaintiff,         )    Case No.  2:12-cv-02013-JCM-CWH
                              )
vs.                           )    **ORDER**
                              )
COUNTRYWIDE HOME LOANS, *et al*., )
                              )
        Defendants.        )
_____ )

        This matter is before the Court on Plaintiff's Motion for Production of Documents (#27), filed February 20, 2013.

        Plaintiff is proceeding *pro se* in this matter.  As a general matter, courts broadly construe pleadings filed by *pro se* litigants and give such plaintiffs "the benefit of any doubt."  *E.g. Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (citation omitted).  Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding*.  E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).  As with other motions before it, the motion currently before the Court does not comply with either the Federal Rules of Civil Procedure or Local Rules.

        Although styled as a motion, Plaintiff's filing looks to be discovery requests she is attempting to serve on Defendants.  Pursuant to the Court's Local Rules, "written discovery . . . shall not be filed with the Court."  Local Rule ("LR") 26-8.  Additionally, as Plaintiff has been previously informed, "[a] party may not seek discovery from any source before the parties have

conferred as required by Rule 26(f) . . . ." *See* Fed. R. Civ. P. 26(d); *see also* Order (#25).  Before *any* formal discovery can commence in this case, Plaintiff must first initiate the Rule 26(f) conference and submit a proposed discovery plan and discovery order.  *See* LR 26-1(d) ("[P]laintiff shall initiate the scheduling fo the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears.  Fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties shall submit a stipulated discovery plan and scheduling order.").[1]

To the extent Plaintiff intended this motion to be a motion to compel, it fails for several reasons.  First, it fails because Plaintiff is seeking discovery prior to initiating a 26(f) conference and prior to the entry of a discovery plan and scheduling order.  Second, Plaintiff fails to provide points and authorities as she has not cited to any substantive law or rule in support of the motion. "The failure of the moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."  Local Rule 7-2(d).  Finally, Plaintiff has not complied with the meet and confer requirements set forth in Rule 37(a)(1) or LR 26-7(b).  Rule 37(a)(1) requires a party seeking to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."  Failure to confer prior to filing a motion to compel is grounds for denial.[2]  If a motion to compel is denied, the court must require the moving party to pay

---

[1] The Court also notes that Plaintiff's motion is not compliant with Local Rule 5-1(a) or Fed. R. Civ. P. 5(b). Plaintiff has indicated that she served Defendants' counsel with a copy of her motion by fax.  There is nothing in the record suggesting that Defendants' counsel has consented to service by fax.  *See* Fed. R. Civ. P. 5(E), (F).

[2] The moving party must comply with these requirements "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes."  *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought."  *Id*.  In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes."  *Id*.  In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996),

the reasonable expenses, including attorney fees the opposing party incurred in opposing the motion.  *See* Fed. R. Civ. P. 37(a)(5)(B).

The Court appreciates that Plaintiff is proceeding *pro se*, but that does not result in a suspension of the rules applicable to all litigants.  This is the Court's third express warning to Plaintiff regarding the requirement that she comply with substantive law and rules when filing motions.  Plaintiff cannot continue to ignore the Court's orders or insist on operating free of the rules applicable to all litigants.  If Plaintiff persists in doing so, the Court will have no choice but to consider sanctions.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's  Motion for Production of Documents (#27) is **denied**.

DATED this 22nd day of February, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

the Court identified two prongs to Rule 37's meet and confer requirement.  First, the moving party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shuffle Master*, 170 F.R.D. at 170.  Second, the moving party must actually confer or attempt to confer in good faith. *Id*.  The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171.