**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHARON HOLMES,<br><br>        Plaintiff(s),<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>        Defendant(s). | 2:12-CV-2013 JCM (CWH) |

**ORDER**

Presently before the court is a motion to dismiss filed by the following defendants: (1) Bank of America Home Loan Servicing, LP; (2) Bank of America, N.A.; (3) Countrywide Home Loans; (4) Mortgage Electronic Registration Systems; and, (5) ReconTrust Co., N.A. (Doc. # 5). Plaintiff did not file a response in opposition, and defendants filed a non-opposition. (Doc. # 19).

Instead of filing a response to defendants' motion to dismiss, *pro se* plaintiff filed her own motion to dismiss. (Doc. # 9). This motion is actually a motion to remand to state court and the court has construed it as such. Defendants filed responses in opposition (docs. ## 16 & 17). Plaintiff elected not to file a reply.

*Pro se* plaintiff filed a second motion to dismiss that is really a motion to remand to state court. (Doc. # 20). Defendants filed a response in opposition (doc. # 24), and plaintiff has not filed a reply.

. . .

**James C. Mahan**
**U.S. District Judge**

I.  **Background**

The subject property in this mortgage related lawsuit is located at 3709 El Cederal Avenue, Las Vegas, Nevada. The prior owner of the property was Jimmie L. Garrett. Garrett purchased the property through a grant, bargain, and sale deed for $115,000. The deed was recorded on September 15, 2003.[1]

Garrett borrowed $72,000 from Countrywide Home Loans, Inc., in order to purchase the property. This loan was secured by a first position deed of trust, which was also recorded on September 15, 2003. Garrett took out a junior mortgage from Nevada State Bank in 2005. Sometime thereafter, Garrett defaulted.

A notice of default and election to sell was recorded on January 5, 2010. The senior deed of trust was assigned to BAC Home Loans Servicing, L.P. (frequently known as Countrywide Home Loans Servicing, L.P.). The assignment was recorded on February 2, 2010. ReconTrust was substituted as trustee. The substitution was recorded on February 2, 2010. The notice of default was rescinded. The rescission was recorded on February 23, 2010.

The foreclosure process was then restarted. A second notice of default was recorded on August 4, 2010. Attorney in fact for Garrett, Steven Kooser, agreed to transfer the property to plaintiff. A quit claim deed memorializing the transfer to plaintiff was recorded on September 28, 2010.

A certificate of compliance with the foreclosure mediation program was recorded on November 16, 2010. A notice of trustee's sale was recorded on November 16, 2010. The notice of default was rescinded a second time. This rescission was recorded on January 4, 2011.

---

[1] The court judicially recognizes all of the following properly recorded documents: the grant, bargain, and sale deed; the first position deed of trust; the junior deed of trust; notices of default and election to sell; assignments of the deed of trust; substitution of trustees; rescissions; certificate of compliance with the foreclosure mediation program; transfer of property; quit claim deed; and, notice of trustee's sale. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

James C. Mahan
U.S. District Judge

1  The senior deed of trust was assigned to Bank of America and was recorded on September
2  15, 2011.

3  *A.     Prior Action by Plaintiff*

4  Plaintiff filed a wrongful foreclosure suit in the Eighth Judicial District Court on November
5  18, 2010. The complaint in that action alleged three causes of action. The first cause of action was
6  essentially for wrongful foreclosure. The second cause of action actually requested relief only–that
7  the senior mortgage be declared as paid in full. The third cause of action also requested relief
8  only–$10,000 in damages.

9  Plaintiff obtained an *ex parte* preliminary injunction on November 18, 2010. Pursuant to the
10 injunction order, the state court prohibited Bank of America and ReconTrust from foreclosing on the
11 property. The same order also required plaintiff to make the monthly mortgage payments on the
12 senior mortgage and deposit the payments into an attorney's trust account.

13 Defendants in the prior action removed the case to federal court on December 20, 2010. *See*
14 *Holmes et al v. BAC Home Loans Servicing, L.P.*, et al, case number 2:10-cv-2210-RCJ-GWF. The
15 parties then stipulated to dismiss the action with prejudice.

16 **II.    Remand**

17 Plaintiff has filed two motions to dismiss. These motions are actually an attempt to remand
18 the case back to state court. Plaintiff argues that the amount in controversy does not meet the
19 $75,000 threshold. The outstanding amount on the loan is $69,970.

20 Federal district courts have original jurisdiction of all civil actions where (1) the matter in
21 controversy exceeds the sum or value of $75,000 and (2) the parties are citizens of different states.
22 28 U.S.C. § 1332(a). The removal statutes are construed restrictively, and doubts regarding the
23 viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas*
24 *Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th
25 Cir. 1992).

26 There is complete diversity in this case. Plaintiff is a citizen of Arizona. (Compl. at p. 6).
27 None of the institutional defendant are incorporated or have their principal place of business in
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Arizona. There is complete diversity between the parties. In the complaint, plaintiff alleges that the
2  property is valued at $77,863. (*See* Doc. # 1, Ex. A, compl. at p. 11). This meets the minimum
3  amount in controversy requirement. *See Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) ("[I]t
4  is well established that the amount in controversy is measured by the value of the object of the
5  litigation.").

6  Additionally, this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.
7  Plaintiff has alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.
8  § 2605 *et seq*. This court has jurisdiction over the action and remand would be improper.

**III.    Motion to Dismiss**

Plaintiff's complaint does not explicitly enumerate the causes of action. It appears the complaint alleges all of the following causes of action: (1) violations of Nevada's Unfair Lending Practices Act; (2) quiet title; (3) declaratory relief; and, (4) RESPA violations. The court will address each in turn. Ultimately, the court finds that plaintiff has failed to state a claim and the complaint is dismissed.[2]

Defendants do not raise any collateral estoppel or res judicata defenses. Instead, defendants go to the merits of each of plaintiff's causes of action. The court will also go straight to the merits.

*A.    Nevada's Unfair Lending Practices Act*

Nevada's Unfair Lending Practices Act (NULPA) prohibits lenders from engaging in certain activities in connection with the origination of loans. *See* NRS 598D.010, et seq. Under NULPA, certain actions by a lender during the origination of a loan are unfair lending practices. *See id.*; *see also Berilo v. HSBC Mortg. Corp.*, no. 2:09-cv-02353, 2010 WL 2667218, at *3 (D. Nev. June 29, 2010) ("[T]o state a valid claim for unfair lending practices, a plaintiff must allege that a defendant is a lender under the statutory definition and made the loan in question. A plain reading of NRS 598D.100(1)(b) suggests that successors in interest to the loan originator (or a loan servicer) cannot incur liability for a violation because this statute applies only to circumstances surrounding the

---

[2] Additionally, plaintiff never filed a response to the defendants' motion to dismiss. This court could grant defendants' motion pursuant to local rule 7-2(d).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  origination of a loan.").

2  This cause of action must fail for four reasons. First, defendants MERS, Bank of America,
3  and ReconTrust did not make the loan at issue and cannot be subject to unfair lending practices.
4  Second, plaintiff was not the borrower on the senior mortgage (she received a quit claim deed
5  through Garrett). Third, this claim fails to defendant Countrywide because plaintiff has not alleged
6  a single specific fact. Fourth, the statute of limitations is two years running from the date of the
7  issuance of the loan. *See Patterson v. Grimm*, no. 2:10-cv-1292, 2010 WL 4395419, at *3) (noting
8  two year statute of limitations for NULPA). This loan occurred in 2003 and is time barred.

9  Plaintiff's first cause of action for violations of NULPA does not state a claim and is
10 dismissed.

11  *B.     Quiet Title*

12  Plaintiff seeks to quiet title against all defendants. In Nevada, "[a]n action may be brought
13 by any person against another who claims an estate or interest in real property, adverse to him, for
14 the purpose of determining such adverse claim." NRS 40.010. "A trustor cannot quiet title without
15 discharging his debt. The cloud upon his title persists until the debt is paid." *Lopez v. Bank of*
16 *America, N.A.*, no. 2:12-cv-801-JCM, 2013 WL 1501449, at *3 (D. Nev. April 10, 2013). "The
17 purpose of a quiet title action is to establish one's title against adverse claims to real property or any
18 interest therein." *Id.* "In a quiet title action, the burden of proof rests with the plaintiff to provide
19 good title in himself." *Id.*

20  Here, plaintiff took title to the property via quit claim deed. Plaintiff took the property
21 subject to the first position deed of trust. A quiet title claim is proper only if there is a dispute
22 between two or more parties over ownership of property. Plaintiff cannot assert a superior interest
23 in the property since plaintiff took title via a quit claim deed subject to the senior deed of trust.
24 Plaintiff does not state a claim for quiet title and the cause of action is dismissed.

25  *C.     Declaratory Relief*

26  Plaintiff seeks declaratory relief that the senior deed of trust was paid in full on September
27 10, 2011. First, declaratory relief is a remedy and not a separate cause of action. *See Freeto v. Litton*

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

*Loan Serv., LP*, no. 3:09-cv-754, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction because those remedies may only "be afforded to a party after he has sufficiently established and proven his claims"). Plaintiff has not pled sufficient facts demonstrating the senior mortgage has been paid in full. In fact, in the prior action, plaintiff stipulated to reinstate the senior mortgage and to continue to make payments to Bank of America.

Plaintiff fails to state a claim for declaratory relief.

D.   RESPA

Loan servicers are obligated to respond to legitimate qualified written requests ("QWR") under 12 U.S.C. § 2605(e)(1). However, a loan servicer has no obligation to respond to an improper QWR. To be proper, a QWR, must state, among other things, a reason why the borrower believes the "account is in error." 12 U.S.C. § 2605(e)(1)(B).

Plaintiff's complaint fails to state a claim because her QWR consisted only of a request of a certified copy of the senior mortgage. The QWR did not state why the account was in error. Additionally, a QWR, such as plaintiff's in this case, is also improper because it is "more akin to a discovery demand than a qualified written request." *Moon v. Countrywide Home Loans, Inc.*, no. 3:09-cv-00298, 2010 WL 522753, at *5 (D. Nev. Feb. 9, 2010).

Plaintiff has failed to state a proper RESPA violation and the cause of action is dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 5) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff' motion to dismiss, construed as a motion to remand (doc. # 9) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff' motion to dismiss, construed as a motion to remand (doc. # 20) be, and the same hereby, is DENIED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

1     IT IS FURTHER ORDERED that plaintiff's complaint be dismissed without prejudice. The clerk of the court shall enter judgment and close the case.

DATED April 25, 2013.

                                      /s/ James C. Mahan
                              **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 7 -